[No. 2490.]

BLUM v. EDELSTEIN.

**Appellate Practice—Excessive Verdict—Remittitur.**

Where plaintiff sued on two causes of action and recovered a verdict on both in an amount in excess of the claim in the

second cause but less than the aggregate claim of both, and there was no evidence to support the verdict on the second cause of action, a remittitur entered by plaintiff for the amount sued for in the second cause of action cured the error of the jury allowing any sum on the second cause, and a judgment entered on the first cause of action for the remainder of the amount of the verdict will be sustained.

*Appeal from the District Court of Pueblo County.*

Mr. T. B. McDONALD, for appellant.

Mr. S. HARRISON WHITE, for appellee.

GUNTER, J.

The complaint contained two causes of action. One for money had and received by appellant to the use of appellee. The other for money had and received by appellant to the use of a third party, which claim against appellant had, prior to the institution of this action, been assigned to appellee. There was a verdict for appellee upon both causes of action, the verdict being for a sum largely in excess of the amount claimed on the second cause of action, but less than the aggregate amount claimed upon the two causes of action. Upon the hearing of the motion for a new trial the court found that there was an absence of evidence to sustain the second cause of action. Thereupon appellee entered a remittitur in an amount equal to the sum sought to be recovered on the second cause of action. In other words, appellee thereby cured all possible effect of the error of the jury in allowing any sum on the second cause of action. Thereupon the court entered judgment for the plaintiff on the first cause of action for the difference between the sum thus remitted and the amount of the verdict.

It is said that in this action the court committed error.

The only prejudicial error committed against

appellant in the trial was the return of a verdict upon the second cause of action. As all effects of this error were cured by the remittitur entered, the court committed no error in thereupon entering judgment upon the first cause of action for the remainder. Its judgment should be affirmed.

*Affirmed.*